IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,633






EX PARTE LARRY WAYNE STRAIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 31183-CR IN THE 13TH JUDICIAL DISTRICT COURT


FROM NAVARRO COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with aggravated
kidnapping, but he pleaded guilty to kidnapping with a single prior felony enhancement, and was
sentenced to twenty-five years' imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that his plea was involuntary because he was admonished
incorrectly as to the punishment range applicable to this offense, and his twenty-five year sentence
was outside the correct punishment range. The trial court had entered findings of fact and
conclusions of law, finding that Applicant's twenty-five year sentence is indeed outside the
punishment range for the offense to which Applicant pleaded guilty. The trial court recommends
that Applicant be granted relief only in that he should be re-sentenced. However, because Applicant
pleaded guilty in exchange for an unauthorized sentence after having been admonished incorrectly,
his plea was not knowingly and voluntarily entered. Therefore, the appropriate remedy is to allow
Applicant to withdraw his guilty plea.

 Relief is granted. The judgment in Cause No. 31183-CR in the 13th Judicial District Court
of Navarro County is set aside, and Applicant is remanded to the custody of the sheriff of Navarro
County to answer the charges as set out in the indictment. The trial court shall issue any necessary
bench warrant within 10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: September 14, 2011

Do Not Publish